IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2013 JUL -8 P 3: 18
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| Yakemi Kyienaedra Ward,<br><br>Plaintiff,<br><br>Vs.<br><br>City of Montgomery, a Political Subdivision of the State of Alabama, Lieutenant M. Tatum, Corporal H. Crosthwait, Art Baylor, The United States of America, and The United States Department of Justice,<br><br>Defendants. | Civil Action No.: 2:13-CV-473-MEF-CSC<br><br>TRIAL DEMANDED BY STRUCK JURY |

## COMPLAINT

COME NOW the Plaintiff, **Yakemi Kyienaedra Ward**, and hereby names as Defendants **The City of Montgomery, Lieutenant M. Tatum, Corporal H. Crosthwait, Art Baylor, The United States of America** and **The United States Department of Justice**, alleging as follows:

### INTRODUCTORY STATEMENT

1. This is a complaint for damages associated with the Defendants' pursuit of fugitive Desmonte Leonard on June 11, 2012. In connection with such pursuit, that real property know as 3905 Barons Court; Montgomery, AL 36116 (which is owned by Plaintiff) (hereinafter "the subject property") was virtually destroyed by Montgomery


SCANNED

Police Officers and United States Marshalls Service personnel. The incident was well documented on news outlets nationwide.

2. It is alleged herein that Federal and State law enforcement personnel personnel were acting in concert with one another in committing all acts complained of herein.

3. This action arises under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, under federal law, specifically, 42 U.S.C. §§ 1983 and 1988 and under common law for negligence, conversion, negligent supervision, gross negligence, nuisance and trespass.

4. While the individual Defendants were acting in the scope of their employment and under color of state law, they descended upon the subject property and caused great damage thereto in connection with their pusuit of the above-named fugitive. Defendants' actions caused damage to the Plaintiff and the destruction of her property.

5. This action is also brought against the City of Montgomery, the United States of America, and the United States Department of Justice for their failure to properly train and supervise the individual Defendants in the proper use of certain equipment and the proper techniques used to secure and search the subject property, proper dispatch policy, establishment of policies, procedures, practices, guidelines and customs regarding the search of residential dwellings that result in excessive damage.

## JURISDICTION AND VENUE

6. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1343, 1346 and 1367. Venue is properly set in the United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. § 1391.

Additionally, this action is brought under the Federal Tort Claims Act pursuant to 28 U.S.C. § 2671 *et seq*. Plaintiff submitted an administrative claim for the damages set forth herein to the United States Marshals Service and the United States Department of Justice in July of 2012. Six months have lapsed and all conditions precedent to bringing this action under 28 U.S.C. § 2675 and the Federal Tort Claims Act have been met.

7.      The causes of action alleged herein arise from factual allegations occuring in this judicial district.

8.      On information and belief, it is alleged that each of the named Defendants resides in this judicial district.

## PARTIES

9.      Plaintiff, Yakemi Kyienaedra Ward, is a resident of the State of Alabama who is over the age of nineteen. She is the record owner of that real property known as 3905 Barons Court; Montgomery, AL 36116.

10.     The Defendant City of Montgomery is a political subdivision of the State of Alabama. Defendants Tatum and Crosthwait are employees of the City of Montgomery. The City of Montgomery is the politicial subdivision of the state that is responsible for the training and supervision of Defendants Tatum and Crosthwait. The City of Montgomery has established or delegated to Defendants Tatum and Crosthwait the responsibility for establishing and implementing policies, practices, procedures and customs used by law enforcement officers employed by the City of Montgomery regarding the search of fugitives/suspects in residential dwellings.

11.     Defendant Lieutenant M. Tatum is a resident of the State of Alabama who is over the age of ninteen. Defendant Tatum was, at all times mentioned herein, acting in

his capacity as a Police Officer employed by the City of Montgomery and was acting under color of state law.

12. The United States of America is herewith being sued both on its own behalf as well as that of the DOJ and the USMS.

13. Defendant Corporal H. Crosthwait is a resident of the State of Alabama who is over the age of ninteen. Defendant Crosthwait was, at all times mentioned herein, acting in his capacity as a Police Officer employed by the City of Montgomery and was acting under color of state law.

14. Defendant United States Department of Justice (hereinafter "DOJ") is an agency established in the Executive Branch of the United Staes Government. The United States Marshals Service (hereinafter "USMS") is a component of the DOJ. At all times mentioned herein, the USMS acted in concert with the other named Defendants in commiting all acts complained of herein.

15. Defendant Art Baylor is a resident of the State of Alabama who is over the age of ninteen. Defendant Baylor was, at all times mentioned herein, acting as agent for the USMS and the United States of America.

## FACTS

16. Defendants surrounded the real property known as 3905 Barons Court; Montgomery, AL 36116 on June 11, 2012 in connection with their search of a wanted fugitive named Desmonte Leonard. Plaintiff, the owner of said property, did not reside therein at the time of the incident but instead used the subject property as a rental house which generated rental income for her.

17. On the night of the incident, Plaintiff arrived home from work to her home in Prattville, Alabama. She saw her rental house on the local news broadcast. She immediately contacted 911 and was informed that her property was being searched for the above-said Desmonte Leonard.

18. Montgomery Police Department personnel and USMS personnel overtook the subject property in large numbers. In so doing, they unecessarily and unreasonably destroyed the house in their search for a suspect who was not located therein. (images of the destruction can be found through various news outlets such as this one: http://www.wsfa.com/slideshow?widgetid=57596).

19. The above-said damage consisted of, among other things, Defendants' deployment of in excess of 30 cannisters of tear gas into the attic of said property; their complete destruction of the HVAC system; their demolition of ceilings, walls and other structural items and ruination of the flooring throughout the home.

20. The damage caused by Defendants was so severe that the house had to be "gutted" in order to remove tear gas which had permeated all surfaces. The house was uninhabitable for nearly one year following the incident. As a further direct and proximate cause of the intentional and/or negligent acts of the Defendants, Plaintiff is entitled to compensaation for the constitutional harms that both the Montgomery Defendants and USMS inflicted upon her, including (but not limited to) loss of liberty, loss of property and other damages.

**Count I**
**VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983**

21. In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff of certain constitutionally protected rights under the

5

Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States including, but not limted to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty or property without due process of law; c) the right to be free from the use of excessive force by persons acting under color of state law; and d) the right to just compensation for taking of property.

22.   In violating Plaintiff's rights (as set forth above) and other rights that will be proven at trial, Defendants acted under color of state law in search for a fugitive who was not in Plaintiff's property and used excessive force in connection therewith which resulted in the destruction of Plaintiff's property.

23.   As a direct and proximate result of the violation of Plaintiff's constitutional rights by the Defendants, Plaintiff suffered general and special damages as alleged herein and is entitled to relief under 42 U.S.C. § 1983.

24.   The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged here.

**Count II**
**VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983 FOR FAILURE TO IMPLEMENT APPROPRIATE POLICIES, CUSTOMS AND PRACTICES AND USE OF EXCESSIVE FORCE**

25.   Plaintiff realleges and specifically incorporates paragraphs numbered one through twenty-four above herein.

26.   Lieutenant M. Tatum and Corporal H. Crosthwait, in their capacity as Police Officers for the City of Montgomery, Alabama, along with the City itself, the USMS and the DOJ along with Art Baylor implicitly or explicitly adopted and implemeneted careless and reckless policies, customs or practices that included (among

other things) allowing employees of the City of Montgomery Police Department, USMS and DOJ to search a residence and unreasonably and unecessarily destroy the same without any reasonable training so as to prevent unecessary damage and destruction to Plaintiff's property without lawful justification when less severe methods and alternatives existed without the use of excessive force.

27. The failure of Defendants to adequately train and supervise personnel amounts to deliberate indifference to the rights of Plaintiff to be free from excessive force and unreasonable seizures under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

28. As a result of said deliberate indifference to the Plaintiff's rights, Plaintiff suffered damages and lost property for which she has not been compensated. Plaintiff is, therefore, entitled to relief under 42 U.S.C. § 1983.

29. In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff as alleged herein of certain constitutionally protected rights including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty or property without due process of law; c) the right to be free free from the use of excessive force by persons acting under color of state law; and d) the right to just compensation for taking of property.

**Count III**
**VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983 FOR DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS OF LAW**

30. Plaintiff realleges and specifically incorporates paragraphs numbered one through twenty-nine above herein.

31.     Defendants violated the civil rights of Plaintiff by their negligent, malicious and wanton disregard for Plaintiff's property rights. The ruination of Plaintiff's house amounted to the deprivation of property in violation of the Fifth and Fourteenth Amendments.

32.     The actions of Defendants Tatum, Art Baylor and Crosthwait included the unecessary and unprovoked destruction and demolition of Plaintiff's valuable house, upon which Plaintiff relied for rental income, when alternative and less destructive means to ascertain whether or not Fugivive Leonard was actually in the subject property existed.

## Count IV
## NEGLIGENCE

33.     Plaintiff realleges and specifically incorporates paragraphs numbered one through thirty-two above herein.

34.     Each Defendant named herein owed Plaintiff a duty to use due care at or about the times of the aforementioned incident so as to prevent the injuries complained of herein.

35.     In committing the aforementioned acts and/or omissions, each Defendant negligently breached said duty to use due care, which directly and proximately resulted in the injuries and damages to Plaintiff as alleged herein.

## Count V
## PRIVATE NUISANCE

36.     Plaintiff realleges and specifically incorporates paragraphs numbered one through thirty-five above herein.

37.     Defendants' intentional and unreasonable actions have caused an invasion of Plaintiff's interest in her private use and enjoyment of her land. Plaintiff avers such

activity constitutes a private nuisance under Ala. Code § 6-5-120 (1975). Plaintiff brings this claim under Ala. Code § 6-5-124 (1975).

## Count VI
## TRESPASS

38. Plaintiff realleges and specifically incorporates paragraphs numbered one through thirty-seven above herein.

39. Defendants' actions constitute an invasion affecting Plaintiff's interest in her exclusive possession of her property.

40. Defendants' actions resulted in City and USMS personnel coming onto Plaintiff's property and thereby causing severe and unwarranted damage.

41. It was reasonably foreseeable to Defendants that their actions would result in an invasion of Plaintiff's exclusive possession of her land.

42. Due to Defendants' conduct, Plaintiff has thereby been damaged.

## Count VII
## NEGLIGENT SUPERVISION

43. Plaintiff realleges and specifically incorporates paragraphs numbered one through forty-two above herein.

44. The Plaintiff further alleges that the aforesaid Defendants City and DOJ failed to exercise proper control over their servants, agents, and/or employees and that such failure was the proximate cause of the Plaintiff suffering and sustaining certain damages as set out herein.

45. In failing to properly supervise its employees, Defendants thereby caused damage to Plaintiff as set forth herein.

## Count VII
### CONVERSION

46.     Plaintiff realleges and specifically incorporates paragraphs numbered one through forty-five above herein.

47.     Plaintiff is the legal and rightful owner of that real property known as 3905 Barons Court, Montgomery, AL 36116.

48.     Defendants destruction and demolition of said residence so substantially impaired Plaintiff's right to use and enjoy the same that such actions constitute conversion for which compensatory and punitive damages are warranted.

## Count VIII
### GROSS NEGLIGENCE/WANTONESS

49.     Plaintiff realleges and specifically incorporates paragraphs numbered one through forty-eight above herein.

50.     Defendants' conduct in continuing to destroy Plaintiff's residence after they knew or should have known that the sought fugitive was not therein constitutes grossly negligent and wanton conduct for which punitive damages are warranted. Plaintiff maintains that Defendants could have quickly ascertained whether said fugitve was in the subject property without resorting to excessive damage and destruction had they been properly trained in the use of certain equipment and other tactics or had they followed proper procedures.

51.     Due to the foregoing, compensatory and puntive damages are warranted.

## Count IX
### CLAIM FOR RELIEF UNDER THE FEDERAL TORT CLAIMS ACT

52.     Plaintiff realleges and specifically incorporates paragraphs numbered one through fifty-one above herein.

53.  All claims hereunder are also brought under the Federal Tort Claims Act pursuant to 28 U.S.C. § 2671 *et seq.* Plaintiff hereby claims costs and fees pursuant to 28 U.S.C. § 2412 in addition to the other relief sought herein.

**WHEREFORE**, Plaintiff requests relief as follows:

1. That process issue to Defendants and that they be required to answer in the time allowed by law;

2. That judgment be entered in favor of Plaintiff and against Defendants on all causes of action asserted herein;

3. Compensatory and Punitive damages for Defendants' conduct;

4. An award of reasonable expenses incurred in this litigation, including reasonable attorney's fees and expert fees pursuant to 42 U.S.C. § 1988;

5. Costs and fees pursuant to 28 U.S.C. § 2412;

6. Such other and further relief as this Court deems proper.

**TRIAL DEMANDED BY STRUCK JURY**

_/s/ J. Knox Argo_
J. Knox Argo (ARG001),
Attorney for Plaintiff

_/s/ Nicholas Cole Hughes_
Nicholas Cole Hughes (HUG057),
Attorney for Plaintiff

**J. Knox Argo (ARG001)**
**Nicholas Cole Hughes (HUG057)**
**6706 Taylor Circle**
**Montgomery, AL 36117**
**Tel: 334-279-0088**
**Fax: 334-279-8830**